# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| JESSICA BROWN | CASE NO.: 3:23-cv-01240-BAJ-SDJ |
|---|---|
| VS. | JUDGE BRIAN A. JACKSON |
| GEOVERA SPECIALTY INSURANCE COMPANY | MAGISTRATE JUDGE SCOTT D. JOHNSON |

## MOTION TO DISMISS ACTION

**NOW INTO COURT**, though undersigned counsel, comes Defendant **GEOVERA SPECIALTY INSURANCE COMPANY** ("GeoVera"), which respectfully submits this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting Plaintiff's action as time-barred and to Dismiss Plaintiff's claims for bad faith, penalties pursuant to La.R.S. §§ 22:1973, 22:1892, 22:1892(A)(1) and 22:1892(B)(1), damages for past, present, and future mental anguish, past, present, and future pain and suffering, loss of enjoyment of life, and ongoing damage to the property pursuant to L.R.S. § 22:1973(A) and (C), and any other state law or extracontractual claims and claims for interest, respectfully states as follows:

1. The Petition was filed on August 29, 2023, in the United States District Court for the Middle District of Louisiana. ECF 1. The filing of this suit was also GeoVera's first notice of loss under the claim.

2. The Petition alleges that Plaintiff's property was damaged on August 29, 2021 as a result of Hurricane Ida. ECF 1 ¶ 11. Plaintiff's Petition alleges that GeoVera did not fully compensate Plaintiff for their loss. ECF 1 ¶ 23. Plaintiff stated that they provided timely notice of loss to Defendant GeoVera, but did not provide a claim number, date, or any other identifying information that indicates they filed a valid claim.

3. When considering a Rule 12(b)(6) motion, a district court may take into account "'documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (quoting *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013)) (emphasis added); see also *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (holding that attaching insurance contracts to the defendants' motion to dismiss did not serve to convert the motion to dismiss into a motion for summary judgment where the contracts were referred to in the complaints and were central to the plaintiffs' claims).

4. The one-year limitation period is provided in La. R.S. 22:1264(A)

> For losses that arose due to a catastrophic event for which a state of disaster or emergency was declared pursuant to law by civil officials, for those areas within the declaration, no damages to covered property shall be automatically denied by the inability of the policyholder to provide sufficient proof of loss within the time limits and requirements of the policy. **The time limit for the submission of proof of loss shall be not less than one hundred eighty days.** The time limit shall not commence as long as a declaration of emergency is in existence and civil authorities are denying the insured access to the property.

(Emphasis added).

5. The limitations period is also provided within the GeoVera policy.

> **C.** In case of a loss to covered property, we have no duty to provide coverage under this policy if there is a failure to comply with the following duties. These duties must be performed either by you, an "insured" seeking coverage, an assignee or a representative of any of them:
>
>> **1.** Give prompt notice to us or our agent of a claim, supplemental claim, or reopened claim. **With respect to a loss caused by the peril of windstorm or hail, the claim must be reported promptly and is barred if not reported within 365 days after the date of loss.**

*See* Policy of Laura Fortier attached hereto as Exhibit A. (Emphasis added)

6. Because notice was not given within one-year of the alleged date of loss, the action is time-barred and must be dismissed. *Verret v. SafeCo Insurance Co. of America*, 2023 WL 5608018 (E.D. La. Aug. 23, 2023).

WHEREFORE, for these reasons and for the reasons set forth in the Memorandum of Law in Support of the Motion to Dismiss, GeoVera Specialty Insurance Company respectfully requests this Honorable Court enter an Order dismissing Plaintiff's claim in its entirety.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By:   /s/ Christopher W. Kaul
Christopher W. Kaul (#33213), T.A.
Jacob A. Lasley (#39433)
Jared L. Shurman (#40048)
601 Poydras Street, Suite 1850
New Orleans, Louisiana 70130
504-526-4321 Telephone
504-526-4310 Facsimile
*Email:* CKaul@thompsoncoe.com
JLasley@thompsoncoe.com
JShurman@thompsoncoe.com
**COUNSEL FOR DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY**

<CERTIFICATE OF SERVICE ON NEXT PAGE>

## **CERTIFICATE OF SERVICE**

    I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

                                        s/ *Christopher W. Kaul*
                                        Christopher W. Kaul